UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TIMOTHY D. SMITH,   CV 09-1398-HA

        Petitioner,

        v.   OPINION AND ORDER

JEFFREY THOMAS, Warden, FCI Sheridan

        Respondent.

REDDEN, District Judge:

    Before the court is Timothy D. Smith's Petition (doc. 1) for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On February 4, 2009, the Bureau of Prisons ("BOP") notified petitioner that he was eligible for a sentence reduction of "up to one year" under the Residential Drug Abuse Program ("RDAP") statute, 18 U.S.C § 3621(e)(2)(B). On March 16, 2009, BOP

PAGE 1 - OPINION AND ORDER

implemented a new early release policy, and informed petitioner that he was no longer eligible for a one-year sentence reduction. Petitioner alleges that BOP erred in retroactively revoking his eligibility for one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B). I agree.

## BACKGROUND

Pursuant to 18 U.S.C. § 3621(b)(5), BOP "shall make available appropriate substance abuse treatment for each prisoner [BOP] determines has a treatable condition of substance addiction or abuse." To encourage prisoners to seek treatment, the statute authorizes BOP to grant prisoners who successfully complete the program a sentence reduction of up to one year. 18 U.S.C. § 3621(e)(2)(B).

Petitioner is a federal prisoner incarcerated by BOP at the Federal Correctional Institution in Sheridan, Oregon ("FCI-Sheridan"). He is currently serving a twenty-nine month term of imprisonment for drug-related offenses. On February 4, 2009, BOP notified petitioner of his provisional eligibility for RDAP, and a sentence reduction of up to one year under 18 U.S.C. § 3621(e). That same date, petitioner signed an "Agreement To Participate In A BOP Residential Drug Abuse Treatment Program." BOP then transferred him to RDAP housing.

Effective March 16, 2009, BOP issued Program Statement 5331.02, Early Release Procedures Under 18 U.S.C. § 3621(e), which sets out a new policy for calculating an inmate's eligibility for a sentence reduction based on the prisoner's term of imprisonment. For an inmate who was sentenced to thirty months or less, that inmate is now eligible for no more than six months of sentence reduction. An inmate sentenced to thirty-one to thirty-six months receives no more than nine months' sentence reduction, and an inmate sentenced to thirty-seven or more months receives no more than twelve months reduction. Prior to the implementation of the

PAGE 2 - OPINION AND ORDER

March 16, 2009 policy, "BOP's practice was to provide as the early release benefit whatever time remained on an inmate's sentence (provided it was 12 months or less) upon completion of all of the RDAP requirements." Supp. Brief, at 4; see also Solomon Decl. ¶ 4. The Program Statement provided that the new policy is inapplicable to inmates who completed RDAP, or who were already participating in RDAP on March 16, 2009. According to BOP, "participating" means that the inmate has already started formal RDAP class work.

Because petitioner did not formally begin RDAP classes until March 23, 2009, one week after the new policy took effect, BOP determined that he is now ineligible for a one-year sentence reduction. Based on his 29-month term of imprisonment, he is now only eligible for a six-month sentence reduction. His release date is now August 9, 2010, approximately twenty-one days more than he would have served but for BOP's implementation of the new policy.

Petitioner completed his institution-based RDAP segment on December 23, 2009, and has only to serve a community-based segment of 180 days at a Residential Reentry Center ("RRC") before receiving early release. BOP is delaying petitioner's start date for community-based segment so that his completion of the 180-day, community-based segment coincides with his release date under the new policy. Petitioner wishes to start his 180-day segment immediately.

## DISCUSSION

The RDAP statute provides,"[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). This reduction is intended to serve as an incentive for a

prisoner to participate in substance abuse treatment while in custody.  The discretionary language "grants the BOP broad discretion to grant or deny the one-year reduction."  McLean v. Crabtree, 173 F.3d 1176, 1182 (9th Cir. 1999).  Refusing to grant an inmate early release after completing a drug treatment program has been upheld as falling short of violating an inmate's liberty interest.  Bowen v. Hood, 202 F.3d 1211 (9th Cir. 2000); Furguiel v. Benov, 155 F.3d 1046 (9th Cir. 1998); Cort v. Crabtree, 113 F.3d 1081 (9th Cir. 1997); see also Smith v. Sniezek, 2007 WL 642017, at *3-*4 (N.D. Ohio 2007) (the Constitution does not itself afford a prisoner a liberty interest in a reduced sentence and a convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence).

As the Supreme Court has recognized, however, "[e]lementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted."  Landgraf v. USI Film Products, 511 U.S. 244, 265 (1994).  The Ninth Circuit has relied upon this reasoning in recognizing that BOP "cannot provide [a prisoner] with a determination of eligibility [for a sentence reduction] based on the purported examination of objective criteria, then subsequently deny them eligibility by exercise of whim."  Bowen, 202 F.3d at 1222; see also Cort, 113 F.3d at 1086-87 (relying on the doctrine of "settled expectations," and concluding that BOP cannot deny early release eligibility to inmates based on rule changes implemented after the inmates had already been notified of their eligibility for early release).  In Bowen, BOP notified petitioners that they were eligible for a sentence reduction under the early release statute, but subsequently implemented a policy that retroactively excluded them from early release eligibility based on their convictions involving firearms.  Relying on Furguiel v. Benov, 155 F.3d 1046 (9th Cir.

PAGE 4 - OPINION AND ORDER

1998), the Ninth Circuit noted that petitioners developed a settled expectation of being eligible for early release consideration under the RDAP statute at the moment BOP informed them of their eligibility.  Bowen, 202 F.3d at 1222.  BOP impermissibly upset those expectations when it revoked the petitioners' eligibility for a sentence reduction based on the retroactive application of new rules.  Id. at 1222.

The same is true here.  After notifying petitioner that he was eligible for a sentence reduction of up to one year, BOP changed its rules to retroactively render petitioner categorically ineligible for such a sentence reduction.  Instead, under BOP's new policy, petitioner is now only eligible for a sentence reduction of six months.  Like the petitioners in Bowen, petitioner developed a reasonable, settled expectation that he was eligible for a sentence reduction of up to one year at the moment BOP notified him that he was eligible for RDAP on February 4, 2009.  Indeed, BOP acknowledges that its "practice was to provide as the early release benefit whatever time remained on an inmate's sentence (provided it was 12 months or less) upon completion of all of the RDAP requirements."  Supp. Brief, at 4.  I conclude that BOP impermissibly disrupted those settled expectations when it implemented a policy that retroactively disqualified petitioner from eligibility for a one-year sentence reduction, after BOP had already notified petitioner of his eligibility for such a reduction.

I am not persuaded by BOP's attempt to distinguish Cort and Bowen.  BOP argues that in contrast to Bowen and Cort, which both involved retroactive rule changes that completely removed petitioners from any possibility of early release under 18 U.S.C. § 3621(e), petitioner is still eligible for some sentence reduction.  Pursuant to BOP's discretion under the RDAP statute,

PAGE 5 - OPINION AND ORDER

the government contends, only the maximum amount of sentence reduction has changed. But whether BOP has the discretion to prospectively change the maximum amount of sentence reduction is not relevant to whether BOP may notify a prisoner of his eligibility for a one-year sentence reduction and then subsequently change its mind. Cf. Cort, 113 F.3d at 1085 (That BOP has discretion to grant or deny a sentence reduction "is irrelevant to whether the Bureau determined that the appellants were *eligible* for such discretionary sentence reduction, and whether it may now change its mind as to that distinct question.") (emphasis in original). Here, BOP informed petitioner that he was eligible for a sentence reduction of *up to one year* and then retroactively and categorically disqualified him from seeking or obtaining such a sentence reduction. This falls squarely into Cort and Bowen. Accordingly, I find that BOP wrongfully applied its rule change to this petitioner.

## CONCLUSION

For the reasons set forth above, I GRANT the Petition for Writ of Habeas Corpus (doc. 1), and I ORDER to transfer petitioner to an RRC without delay.

IT IS SO ORDERED.

DATED this  19th  day of January, 2010.

                                                  /s/ James A. Redden
                                                          James A. Redden
                                             United States District Judge